**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | Case No. 23-10576 (TMH) |
| Debtors. | (Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC *et al.*, | Adv. Proc. No. 25-50873 (TMH) |
| Plaintiff, | |
| vs. | |
| T.C. MILLWORK, INC., | |
| Defendant. | |

**DEFENDANT T.C. MILLWORK, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**
**FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS**
**PURSUANT TO  11 U.S.C. §§ 547 & 550**

Defendant, T.C. Millwork, Inc. ("Defendant" or "T.C. Millwork"), by and through undersigned counsel, hereby answers the First Amended Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§547 & 550 ("First Amended Complaint") filed by Plaintiff George L. Miller, in his capacity as Chapter 7 trustee of Debtor Christmas Tree Shops, LLC, *et al.*, (the "Plaintiff" or "Trustee").  Specifically, in response to the numbered paragraphs included in the First Amended Complaint, Defendant admits, denies, or otherwise responds to the allegations as set forth below.  All allegations are hereby denied unless expressly admitted.

---

1.  The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

Further, an admission to a portion of an allegation does not constitute an admission, either express or implied, to the remainder of the allegation.

## BACKGROUND

1.      Defendant admits public records reflect that Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on May 5, 2023, and that per the public records the cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

2.      Defendant admits public records reflect that the Court entered an order converting the Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code, as of August 16, 2023.

## THE PARTIES

3.      Defendant admits public records reflect that the Office of the United States Trustee appointed George L. Miller as the chapter 7 trustee in these cases.  The remaining allegations contained in Paragraph 3 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied.

4.      Denied as stated.  Defendant admits only that it is a corporation formed under the laws of the Commonwealth of Pennsylvania.   Defendant's principal address is 3433 Marshall Lane, PO Box 826, Bensalem, PA 19020. The remaining allegations contained in Paragraph 4 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied.

## JURISDICTION AND VENUE

5.      The allegations contained in Paragraph 5 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied.

6.      The allegations contained in Paragraph 6 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied.

7.    The allegations contained in Paragraph 7 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied.

8.    The allegations contained in Paragraph 8 of the First Amended Complaint state a legal conclusion to which no response.  To the extent a response is required, it is denied.

## BASIS FOR RELIEF REQUESTED

9.    Admitted only that the Trustee references various sections of the Bankruptcy Code and certain rules of the Federal Rules of Bankruptcy Procedure.  Defendant denies any implication that such sections and rules are applicable to the above-captioned adversary proceeding or that Plaintiff is entitled to any relief pursuant to Bankruptcy Rule 7001(1) and Bankruptcy Code sections 547 and 550.

## FACTS

10.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the First Amended Complaint and on that ground denies them.

11.    Defendant admits only that the Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief was filed at Docket Number 12 and the Supplemental Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief was filed at Docket Number 23 (together, the "First Day Affidavit").  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of the First Amended Complaint and on that ground denies them.

12.    Admitted only that Defendant transacted business with the Debtor(s).  The remaining allegations are denied because the referenced exhibit is a document that speaks for itself.

13.    Admitted only that Defendant transacted business with the Debtor(s).  The remaining allegations are denied because the referenced exhibit is a document that speaks for itself.

14.     The allegations contained in Paragraph 14 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied.

### FIRST CLAIM FOR RELIEF
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

15.     Defendant incorporates its foregoing responses as if fully restated herein.

16.     Defendant admits only that the Trustee included as Exhibit A, a statement of account listing purported transfers from the Debtors to Defendant.  Defendant denies the remaining allegations in Paragraph 16 of the First Amended Complaint.

17.     The allegations contained in Paragraph 17 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied.

18.     The allegations contained in Paragraph 18 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied.

19.     The allegations contained in Paragraph 19 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied.

20.     The allegations contained in Paragraph 20 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied.

21.     The allegations contained in Paragraph 21 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied.

22.     The allegations contained in Paragraph 22 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied.

23.     Defendant denies the allegations of Paragraph 23 of the First Amended Complaint.

24.     The allegations contained in Paragraph 24 of the First Amended Complaint state a legal conclusion to which no response is required and are therefore denied.  By way of further answer,

Defendant denies that Plaintiff is entitled to avoid the Transfers pursuant to Bankruptcy Code section 547.

## SECOND CLAIM FOR RELIEF
### (For Recovery of Property – 11 U.S.C. § 550)

25.     Defendant incorporates its foregoing responses as if fully restated herein.

26.     The allegations contained in Paragraph 26 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied. By way of further answer, Defendant denies that Plaintiff is entitled to recover for the estate proceeds or value of the Transfers pursuant to Bankruptcy Code section 550.

27.     The allegations contained in Paragraph 27 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, it is denied. By way of further answer, Defendant denies that Plaintiff is entitled to avoid the Transfers or receive for the Estate the proceeds or value of the Transfers pursuant to Bankruptcy Code sections 547 and 550.

Defendant denies all remaining allegations in the paragraph beginning "WHEREFORE." Unless expressly admitted in one of the foregoing paragraphs, all material allegations of the First Amended Complaint, including any contained in unnumbered paragraphs, are denied.  Defendant further denies that Plaintiff is entitled to any of the relief requested, or any relief whatsoever, from Defendant, including the relief sought in the paragraph beginning "WHEREFORE."

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts that the Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b).

136198.00100/154691780v.1

## SECOND AFFIRMATIVE DEFENSE

Defendant asserts that the alleged transfers identified in **Exhibit A** of the First Amended Complaint are not avoidable pursuant to 11 U.S.C. § 547(c)(1) because each transfer was made to be a contemporaneous exchange for new value given to the Debtors, and such transfers were, in fact, a substantially contemporaneous exchange within the meaning of 11 U.S.C. § 547(c)(1).

## THIRD AFFIRMATIVE DEFENSE

Defendant asserts that the alleged transfers identified in Exhibit A of the First Amended Complaint are not avoidable pursuant to 11 U.S.C. § 547(b)(1) because the Debtors cannot establish that each transfer was made "to or for the benefit of" Defendant within the meaning of 11 U.S.C. § 547(b)(1).

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that the alleged transfers identified in Exhibit A of the First Amended Complaint are not avoidable pursuant to 11 U.S.C. § 547(c)(2) because each of the transfers was: (a) made in payment of a debt incurred by a debtor in the ordinary course of business or financial affairs of a debtor and Defendant; and (b) made in the ordinary course of business or financial affairs of a debtor and Defendant or made according to ordinary business terms.

## FIFTH AFFIRMATIVE DEFENSE

Defendant asserts that the alleged transfers identified in Exhibit A of the First Amended Complaint are not avoidable pursuant to Section 547(c)(4) of the Bankruptcy Code because after the transfers were made, Defendant gave new value to or for the benefit of a debtor, not secured by an otherwise unavoidable security interest, and on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that relief sought in the First Amended Complaint should be denied because the Debtors were solvent when the alleged transfers identified in Exhibit A were made and were not rendered insolvent by any of the alleged transfers.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that relief sought in the First Amended Complaint is barred by the doctrines of estoppel, *res judicata* and the law of the case.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that relief sought in the First Amended Complaint is barred, in whole or in part, by the doctrines of setoff, offset, netting, recoupment, and/or other equitable doctrines pursuant to applicable statutory and common law.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to assert and/or supplement this Answer, its Affirmative Defenses, and all other pleadings.  Defendant asserts all other defenses that may be revealed during the course of discovery or other investigation.

WHEREFORE, having answered the First Amended Complaint fully, Defendant requests that the Court enter judgment in favor of Defendant and against Plaintiff on all counts, and grant Defendant such other and further relief as may be just and equitable.

Dated: November 24, 2025          **BLANK ROME LLP**


By: /s/ *Josef W. Mintz*
Josef W. Mintz (No. 5644)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:          (302) 425-6478
Facsimile:          (302) 425-6464
Email:                josef.mintz@blankrome.com

136198.00100/154691780v.1

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 24th day of November 2025, I caused a copy of the foregoing to be served on the party below by electronic mail or by first class mail postage prepaid for such party:

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler
Peter J. Keane
Edward A. Corma
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Email: bsandler@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to Plaintiff*

*/s/ Josef W. Mintz*
Josef W. Mintz

136198.00100/154691780v.1